MICHAEL MCCUE, individually )
and as Personal Representative of )
the Estate of Phillip McCue, )     Civil Action
Deceased, )     Case No. 1:14-cv-00098-GZS
                              )
       Plaintiff )
v. )
                              )
CITY OF BANGOR, MAINE, )
et al, )
                              )
       Defendants )

## DEFENDANTS CITY OF BANGOR, MAINE, BANGOR, MAINE POLICE DEPARTMENT, OFFICER KIM DONNELL, OFFICER RYAN JONES, OFFICER WADE BETTERS, OFFICER JOSHUA KUHN, OFFICER DAVID FARRAR, AND OFFICER CHRIS BLANCHARD'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COME  Defendants City of Bangor, Maine, Bangor, Maine Police Department, Officer Kim Donnell, Officer Ryan Jones, Officer Wade Betters, Officer Joshua Kuhn, Officer David Farrar, and Officer Chris Blanchard (hereinafter collectively referred to as "the Bangor Defendants"), by and through counsel, Richardson, Whitman, Large & Badger, PC, and answer Plaintiff's Complaint as follows:

### PRELIMINARY STATEMENT

The John and/or Jane Doe Defendants, when and if identified and served, will file responsive pleadings accordingly.

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against each of the Bangor Defendants upon which relief may be granted.

## SECOND DEFENSE

Each of the Bangor Defendants is entitled to absolute immunity from suit, which bars Plaintiff's claims.

## THIRD DEFENSE

Each of the Bangor Defendants is entitled to qualified immunity from suit, which bars Plaintiff's claims.

## FOURTH DEFENSE

The named Defendant the Bangor, Maine Police Department is a division of the Defendant City of Bangor and is not a separate entity that is subject to suit, and therefore the claims against the Bangor, Maine Police Department should be dismissed.

## FIFTH DEFENSE

The Bangor Defendants were at all times acting in good faith.

## SIXTH DEFENSE

Plaintiff Michael McCue, in his individual capacity, is not a proper party to this action and any claims allegedly brought by him in his individual capacity should be dismissed.

## SEVENTH DEFENSE

Plaintiff Michael McCue, in his individual capacity, failed to comply with the applicable notice provisions under state law and therefore his claims are barred.

## EIGHTH DEFENSE

The Plaintiff's claims for punitive damages are barred and should be dismissed.

**FOR FURTHER ANSWER:**

## SUMMARY OF CLAIMS[1]

Plaintiff's statement under Summary of Claims appears to require no response and is

---

1       The headings contained herein are simply meant to mirror the format of Plaintiff's Complaint, and in no way constitute any form of admission on behalf of the Bangor Defendants.

subject to a separate motion to strike. To the extent a response is deemed to be required, and this paragraph is not stricken, the Bangor Defendants deny all of the allegations in the Summary of Claims.

## JURISDICTION AND VENUE

1.    The Bangor Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Plaintiff's Complaint and therefore deny the same.

2.    The Bangor Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of the Plaintiff's Complaint and therefore deny the same.

## PARTIES

3.    The Bangor Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of the Plaintiff's Complaint and therefore deny the same.

4.    The Bangor Defendants admit that Defendant City of Bangor is a municipality in the State of Maine, and further admit all of the remaining allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5.    The Bangor Defendants admit only that the Bangor Police Department is a division of the City of Bangor, Maine, and therefore deny all of the remaining allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6.    The Bangor Defendants admit only that Officer Kim Donnell is and was at times relevant hereto a police officer employed by the City of Bangor. The Bangor Defendants are

without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the Plaintiff's Complaint and therefore deny the same.

7.      The Bangor Defendants admit only that Officer Ryan Jones is and was at times relevant hereto a police officer employed by the City of Bangor.  The Bangor Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Plaintiff's Complaint and therefore deny the same.

8.      The Bangor Defendants admit only that Officer Wade Betters is and was at times relevant hereto a police officer employed by the City of Bangor.  The Bangor Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Plaintiff's Complaint and therefore deny the same.

9.      The Bangor Defendants admit only that Officer Joshua Kuhn is and was at times relevant hereto a police officer employed by the City of Bangor.  The Bangor Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Plaintiff's Complaint and therefore deny the same.

10.     The Bangor Defendants admit only that Officer David Farrar is and was at times relevant hereto a police officer employed by the City of Bangor.  The Bangor Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Plaintiff's Complaint and therefore deny the same.

11.     The Bangor Defendants admit only that Officer Chris Blanchard is and was at times relevant hereto a police officer employed by the City of Bangor.  The Bangor Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Plaintiff's Complaint and therefore deny the same.

12.     The Bangor Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Plaintiff's Complaint and therefore deny the same.

13.     Paragraph 13 of Plaintiff's Complaint requires no response but to the extent that a response is required, the Bangor Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Plaintiff's Complaint and therefore deny the same.

14.     The Bangor Defendants deny that all "Bangor, Maine Supervising Police Officers" referenced in Paragraph 14 of Plaintiff's Complaint had the responsibilities listed therein. The Bangor Defendants are without sufficient knowledge or information to form a belief as to the truth of all remaining allegations contained in Paragraph 14 of the Plaintiff's Complaint and therefore deny the same.

15.     The Bangor Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Plaintiff's Complaint and therefore deny the same.

16.     The Bangor Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of the Plaintiff's Complaint and therefore deny the same.

## FACTUAL BACKGROUND

17.     The Bangor Defendants repeat and reallege their responses to Paragraphs 1 through 16 above as if fully set forth herein.

18.     The Bangor Defendants admit that a call came to the Bangor Police Department with regard to a disturbance at a premises in Bangor and that a Bangor police officer was dispatched.  The Bangor Defendants deny that Phillip McCue departed the premises contemporaneously with the dispatch of the police officers.  The Bangor Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of the Plaintiff's Complaint and therefore deny the same.

19.     Plaintiff's statement that Phillip McCue can be seen walking down Main Street in Bangor on videotape is not a proper statement under Rule 8 of the Federal Rules of Civil Procedure and should be stricken and is the subject of a separate motion to strike.  The Bangor Defendants deny all of the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     The Bangor Defendants deny the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21.     The Bangor Defendants deny the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

22.     Plaintiff's statement concerning the audio and video record is improper and should be stricken and is the subject of a separate motion to strike.  The Bangor Defendants deny all remaining allegations contained in Paragraph 22 of the Plaintiff's Complaint.

23.     Plaintiff's statement concerning what associated EMT materials reveal is an improper pleading and should be stricken and is the subject of a separate motion to strike.  The Bangor Defendants deny the remaining allegations in Paragraph 23 of Plaintiff's Complaint.

24.     The Bangor Defendants deny the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

25.     Plaintiff's statement concerning the audio and video record is improper and should be stricken and is the subject of a separate motion to strike.  The Bangor Defendants deny all remaining allegations contained in Paragraph 25 of the Plaintiff's Complaint.

26.     The Bangor Defendants deny the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27.     The Bangor Defendants deny the allegations contained in Paragraph 27 of the Plaintiff's Complaint.

28.     The Bangor Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Phillip McCue had had a history of mental and/or emotional disabilities and therefore deny the same. The Bangor Defendants deny the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     The Bangor Defendants deny the allegations contained in Paragraph 29 of the Plaintiff's Complaint.

30.     The Bangor Defendants disagree with the premise underlying the allegations set forth in Paragraph 30 and otherwise deny all of the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     The Bangor Defendants deny the allegations contained in Paragraph 31 of the Plaintiff's Complaint.

32.     The Bangor Defendants deny the allegations contained in Paragraph 32 of the Plaintiff's Complaint.

33.     The Bangor Defendants deny the allegations contained in Paragraph 33 of the Plaintiff's Complaint.

34.     The Bangor Defendants deny the allegations contained in Paragraph 34 of the Plaintiff's Complaint.

35.     The Bangor Defendants deny the allegations contained in Paragraph 35 of the Plaintiff's Complaint.

36.     The Bangor Defendants deny the allegations contained in Paragraph 36 of the Plaintiff's Complaint.

37.     The Bangor Defendants deny the allegations contained in Paragraph 37 of the Plaintiff's Complaint.

38.     The Bangor Defendants deny the allegations contained in Paragraph 38 of the Plaintiff's Complaint.

39.     The Bangor Defendants admit that at all times relevant hereto the individual Defendant police officers acted under the color of state law. The Bangor Defendants deny the remaining allegations contained in Paragraph 39 of the Plaintiff's Complaint.

40.     The Bangor Defendants deny the allegations contained in Paragraph 40 of the Plaintiff's Complaint.

41.     The Bangor Defendants deny the allegations contained in Paragraph 41 of the Plaintiff's Complaint.

42.     The Bangor Defendants deny the allegations contained in Paragraph 42 of the Plaintiff's Complaint.

43.     The Bangor Defendants deny the allegations contained in Paragraph 43 of the Plaintiff's Complaint.

44.     The Bangor Defendants deny the allegations contained in Paragraph 44 of the Plaintiff's Complaint.

45.     The Bangor Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 45 of the Plaintiff's Complaint and therefore deny the same.

46.     The Bangor Defendants deny the allegations contained in Paragraph 46 of the Plaintiff's Complaint.

## COUNT I
## DETAINER/SEIZURE WITHOUT LEGAL CAUSE, USE OF UNREASONABLE, MALICIOUS AND /OR EXCESSIVE FORCE AND DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS VIOLATION OF CIVIL RIGHTS

47.     The Bangor Defendants repeat and reallege their responses to Paragraphs 1 through 46 above as if fully set forth herein.

48.     The Bangor Defendants deny the allegations contained in Paragraph 48 of the Plaintiff's Complaint.

49.     The Bangor Defendants deny the allegations contained in Paragraph 49 of the Plaintiff's Complaint.

**WHEREFORE**, the Bangor Defendants pray for a dismissal of Plaintiff's Complaint and for their costs and attorneys' fees and such other and further relief as the Court deems just and appropriate.

## COUNT II
## ASSAULT AND BATTERY

50.     The Bangor Defendants repeat and reallege their responses to Paragraphs 1 through 49 above as if fully set forth herein.

51.     The Bangor Defendants deny the allegations contained in Paragraph 51 of the Plaintiff's Complaint.

**WHEREFORE**, the Bangor Defendants pray for a dismissal of Plaintiff's Complaint and for their costs and attorneys' fees and such other and further relief as the Court deems just and appropriate.

## COUNT III
## FAILURE TO TRAIN AND SUPERVISE PERSONNEL
## VIOLATION OF CIVIL RIGHTS

52.     The Bangor Defendants repeat and reallege their responses to Paragraphs 1 through 51 above as if fully set forth herein.

53.     The Bangor Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 53 of the Plaintiff's Complaint and therefore deny the same.

54.     The Bangor Defendants deny the allegations contained in Paragraph 54 of the Plaintiff's Complaint.

55.     The Bangor Defendants deny the allegations contained in Paragraph 55 of the Plaintiff's Complaint.

56.     The Bangor Defendants deny the allegations contained in Paragraph 56 of the Plaintiff's Complaint.

57.     The Bangor Defendants deny the allegations contained in Paragraph 57 of the Plaintiff's Complaint.

**WHEREFORE**, the Bangor Defendants pray for a dismissal of Plaintiff's Complaint and for their costs and attorneys' fees and such other and further relief as the Court deems just and appropriate.

## COUNT IV
## RESPONDEAT SUPERIOR AND VICARIOUS LIABILITY

58.     The Bangor Defendants repeat and realleges their responses to Paragraphs 1 through 57 above as if fully set forth herein.

59.     The Bangor Defendants deny the allegations contained in Paragraph 59 of the Plaintiff's Complaint.

60.     The Bangor Defendants deny the allegations contained in Paragraph 60 of the Plaintiff's Complaint.

**WHEREFORE**, the Bangor Defendants pray for a dismissal of Plaintiff's Complaint and for their costs and attorneys' fees and such other and further relief as the Court deems just and appropriate.

## COUNT V
## STRICT PRODUCTS LIABILITY (TASER)

61 – 67.     Count V is not directed against the Bangor Defendants but to the extent that any of the allegations set forth in Count V are construed to be directed against the Bangor Defendants, the Bangor Defendants deny the allegations.

**WHEREFORE**, the Bangor Defendants pray for a dismissal of Plaintiff's Complaint and for their costs and attorneys' fees and such other and further relief as the Court deems just and appropriate.

## COUNT VI
## NEGLIGENCE (TASER)

68 – 71.    Count VI is not directed against the Bangor Defendants but to the extent that any of the allegations set forth in Count VI are construed to be directed against the Bangor Defendants, the Bangor Defendants deny the allegations.

**WHEREFORE**, the Bangor Defendants pray for a dismissal of Plaintiff's Complaint and for their costs and attorneys' fees and such other and further relief as the Court deems just and appropriate.

## COUNT VII
## WRONGFUL DEATH (ALL DEFENDANTS)

72.    The Bangor Defendants repeat and reallege their responses to Paragraphs 1 through 71 above as if fully set forth herein.

73.    The Bangor Defendants deny the allegations contained in Paragraph 73 of the Plaintiff's Complaint.

**WHEREFORE**, the Bangor Defendants pray for a dismissal of Plaintiff's Complaint and for their costs and attorneys' fees and such other and further relief as the Court deems just and appropriate.

## COUNT VIII
## NEGLIGENT/INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS (ALL DEFENDANTS)

74.    The Bangor Defendants repeat and reallege their responses to Paragraphs 1 through 73 above as if fully set forth herein.

75.    The Bangor Defendants deny the allegations contained in Paragraph 75 of the Plaintiff's Complaint.

76.     The Bangor Defendants deny the allegations contained in Paragraph 76 of the Plaintiff's Complaint.

77.     The Bangor Defendants deny the allegations contained in Paragraph 77 of the Plaintiff's Complaint.

78.     The Bangor Defendants deny the allegations contained in Paragraph 78 of the Plaintiff's Complaint.

**WHEREFORE**, the Bangor Defendants pray for a dismissal of Plaintiff's Complaint and for their costs and attorneys' fees and such other and further relief as the Court deems just and appropriate.

DATED at Bangor, Maine this the 18th day of April, 2014.

/s/ Frederick J. Badger, Jr., Esq.
_____
Frederick J. Badger, Jr., Esq.
Joshua A. Randlett, Esq.
Attorneys for Defendants City of Bangor, Maine, Bangor, Maine Police Department, Officer Kim Donnell, Officer Ryan Jones, Officer Wade Betters, Officer Joshua Kuhn, Officer David Farrar, and Officer Chris Blanchard

**RICHARDSON, WHITMAN, LARGE & BADGER**
One Merchants Plaza
P. O. Box 2429
Bangor, ME  04402-2429
(207) 945-5900

## **CERTIFICATE OF SERVICE**

I, Frederick J. Badger, Jr., Esq., of Richardson, Whitman, Large & Badger, attorneys for the Bangor Defendants, hereby certify that on April 18, 2014, I electronically filed the foregoing *Defendants City of Bangor, Maine, Bangor, Maine Police Department, Officer Kim Donnell, Officer Ryan Jones, Officer Wade Betters, Officer Joshua Kuhn, Officer David Farrar, and Officer Chris Blanchard's Answer and Defenses to Plaintiff's Complaint* with the Court via the CM/ECF electronic filing system, which will send notification of such filing to all counsel of record in the above-captioned matter.

/s/ Frederick J. Badger, Jr.
Frederick J. Badger, Jr., Esq.
Richardson, Whitman, Large & Badger