UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL MCCUE, individually )<br>and as Personal Representative of )<br>the Estate of Phillip McCue, )<br>Deceased, )<br>                                    )<br>     Plaintiff            )<br>v.                                     )<br>                                    )<br>CITY OF BANGOR, MAINE, )<br>et al, )<br>                                    )<br>     Defendants        ) | Civil Action<br>Case No. 1:14-cv-00098-GZS |

## DEFENDANT BANGOR, MAINE POLICE DEPARTMENT'S MOTION TO DISMISS PURSUANT TO F.R. CIV. P. 12(b)(6) WITH INCORPORATED MEMORANDUM OF LAW

NOW COMES Defendant the Bangor, Maine Police Department, (hereinafter the "Bangor Police Department"), by and through counsel, Richardson, Whitman, Large & Badger, PC, and hereby moves for a dismissal of Plaintiff's Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In further support thereof, Defendant Bangor Police Department states as follows:

**I.)**      **INTRODUCTION AND SUMMARY OF THE ARGUMENT**

This case involves one Plaintiff who purports to act in two distinct capacities: (1) Michael McCue, in his individual capacity; and (2) Michael McCue, in his capacity as the Personal Representative of the Estate of Phillip McCue. Plaintiff has alleged various theories of recovery against nine named defendants and three categories of John and/or Jane Does. Among the named defendants are the City of Bangor, Maine (hereinafter the "City of Bangor") and the Bangor Police Department.

Plaintiff's claims against the Bangor Police Department must be dismissed, as it is not a legal entity and is not subject to suit. The Bangor Police Department is simply a department of the City of Bangor, which is a body corporate and which can sue or be sued. Any claims against the Bangor Police Department, therefore, are really claims against the City of Bangor. Consequently, Plaintiff's Complaint must be dismissed as to Defendant Bangor Police Department for failure to state a claim.

## II. THE RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a plaintiff's claim may be dismissed for "failure to state a claim upon which relief can be granted." Under F.R. Civ. P. 8(a), a plaintiff need only submit "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id* (internal quotations and citations omitted).

"[O]n a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)) (internal quotations omitted).

## III. DISCUSSION

In this case, Plaintiff has sued both the City of Bangor and the Bangor Police Department. The City of Bangor is a municipality within the State of Maine. It exists as its own legal entity; specifically, it is a body corporate that has the ability to, among other things, sue and

be sued in its own name. *See* 30-A M.R.S. § 2002. The Bangor Police Department is nothing more than a subdivision of the City of Bangor. It does not have any independent legal existence of its own, and as such it is not an entity subject to suit. Any claims against the Bangor Police Department are more properly directed to the City of Bangor, which is already a party to this action.

It is well-settled law within the First Circuit that police departments lack any legal existence separate from the municipalities they serve, and consequently they are not proper defendants. *See Henschel v. Worcester Police Department et al.*, 445 F.2d 624 (1st Cir. 1971) ("Nor is the Police Department a suable entity. If a Police Department may be successfully sued, it is the city which will pay; the result is the same as suing the city . . .) (internal citation omitted); *Dwan v. City of Boston*, 329 F.3d 275, n.1 (1st Cir. 2003) (noting that the City of Boston was substituted as a defendant for the Boston Police Department "because the Department is not a suable entity"); *Barnard v. Millinocket Police Dept. et al.*, 2005 WL 2099907 at *3 (D. Me. Aug. 29, 2005) ("The Millinocket Police Department is an arm of the municipal entity, the Town of Millinocket, and not independently liable under 42 U.S.C. § 1983"); *Church America, et al. v. Veazie Police Dept. et al.*, 2001 WL 114982 at *2 (D. Me. Feb. 7, 2001) (stating that "police departments are not 'persons' within the meaning of § 1983"); *Curran v. City of Boston*, 777 F. Supp. 116, 118 (D. Mass. 1991) (stating that the Boston Police Department and its Internal Affairs Department "are not proper party defendants"); *Aldrich v. Town of Milton*, 881 F. Supp. 2d 158, n.1 (D. Mass. 2012) ("As a matter of pleading, the Milton Police Department should have been identified as the Town of Milton"); *Stratton v. City of Boston*, 731 F. Supp. 42, 46 (D. Mass. 1989) ("However, the Police Department is not an independent legal entity. It is a department of the City of Boston").

<a>
</a>

Consequently, Plaintiff's claims against Defendant Bangor Police Department fail to state claims upon which relief can be granted. Therefore, they are properly subject to dismissal pursuant to F.R. Civ. P. 12(b)(6).

## IV.   CONCLUSION

WHEREFORE, Defendant Bangor Police Department respectfully requests that this Honorable Court **GRANT** its Motion and **DISMISS** it from this action, with prejudice.

DATED at Bangor, Maine this the 18th day of April, 2014.

/s/ Frederick J. Badger, Jr.

Frederick J. Badger, Jr., Esq.
Joshua A. Randlett, Esq.
Attorneys for Defendant Bangor Police Department

**RICHARDSON, WHITMAN, LARGE & BADGER**
One Merchants Plaza
P. O. Box 2429
Bangor, ME  04402-2429
(207) 945-5900

## CERTIFICATE OF SERVICE

I, Frederick J. Badger, Jr., Esq., of Richardson, Whitman, Large & Badger, attorneys for Defendant Bangor Police Department, hereby certify that on April 18, 2014, I electronically filed the foregoing *Defendant Bangor Police Department's Motion to Dismiss* with the Court via the CM/ECF electronic filing system, which will send notification of such filing to all counsel of record in the above-captioned matter.

/s/ Frederick J. Badger, Jr.
Frederick J. Badger, Jr., Esq.
Richardson, Whitman, Large & Badger