UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MICHAEL McCUE, )
 )
      Plaintiff )
 )
v. )    1:14-cv-00098-GZS
 )
CITY OF BANGOR, et als. )
 )
      Defendants )

**RECOMMENDED DECISION ON MOTION TO DISMISS PUNITIVE DAMAGES CLAIMS AGAINST THE CITY OF BANGOR**

In this action, Plaintiff Michael McCue, Personal Representative of the Estate of Phillip McCue, alleges that the City of Bangor, six named officers of the Bangor Police Department, unnamed John Doe and Jane Doe Defendants, and Taser International, are responsible for causing Phillip McCue's death as the result of an encounter with law enforcement on September 12, 2012. The matter is before the Court on Defendant City of Bangor's Motion to Dismiss All Claims for Punitive Damages (ECF No. 11.)[1] For reasons that follow, it is recommended that the Court grant the motion.

**BACKGROUND FACTS**

The facts set forth herein are derived from Plaintiff's Complaint, which facts are deemed true when evaluating the Motion to Dismiss.[2] *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).

On September 12, 2012, Phillip McCue was at a Bangor location that was known to be frequented by abusers of bath salts. Police responded to a report of a disturbance at the location,

---

[1] The Court referred the motion for report and recommended decision.

[2] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review for a motion to dismiss.

and detained Mr. McCue outside the building at the location. Following this initial detainment, one or more officers "tazed" Mr. McCue and multiple officers employed force in the course of taking control of Mr. McCue. During this process, Mr. McCue lost consciousness, could not be resuscitated by responding EMTs, and subsequently died. (Complaint ¶¶ 18-23, 26, 32.)

Plaintiff seeks to impose liability on Defendant City of Bangor based on theories of the unlawful seizure of Mr. McCue, the use of excessive force, deliberate indifference, assault and battery, the failure to train and supervise its officers, and respondeat superior. In his claims against all Defendants, Plaintiff requests punitive damages.

## DISCUSSION

Defendant City of Bangor asks the Court to dismiss Plaintiff's punitive damage claim to the extent that Plaintiff seeks to recover punitive damages from the City. In support of its request, the City maintains that the City is immune from claims for punitive damages under both federal law, 42 U.S.C. § 1983, and Maine law, 14 M.R.S. § 8105(5). (Motion to Dismiss at 1-3.) In response to the City's motion, Plaintiff wrote that he "consents to the dismissal of so much of his claims as seek punitive damages against the municipal defendant City of Bangor only." (Pl.'s Response to Motion to Dismiss Punitive Damage Claims against the City of Bangor at 1, ECF No. 19.)

Plaintiff's federal claims arise under 42 U.S.C. § 1983. "Claims for punitive damages are not available against a municipality . . . under § 1983." *Powell v. Alexander*, 391 F.3d 1, 23 (1st Cir. 2004) (citing *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 259-60 (1981)). Plaintiff's state law tort claims are subject to the Maine Tort Claims Act. Pursuant to the MTCA, "no

judgment against a 'government entity' may include punitive damages." *Rippett v. Bemis*, 672 A.2d 82, 89 (Me. 1996) (citing 14 M.R.S. § 8105(5)).[3]

Because punitive damages are generally not recoverable against a municipal entity, and because Plaintiff has consented to the dismissal of his punitive damage claim against Defendant City of Bangor (ECF No. 19), dismissal of Plaintiff's punitive damage claim against Defendant City of Bangor is appropriate.

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court grant Defendant City of Bangor's Motion to Dismiss All Claims for Punitive Damages (ECF No. 11), and, therefore, that the Court dismiss Plaintiff's punitive damage claim against Defendant City of Bangor.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

June 13, 2014

---

[3] "While section 8105 of the Maine Tort Claims Act provides immunity from liability for punitive damages, section 8116 of the Act overrides that immunity to the extent that the municipality has obtained insurance." *McLain v. Milligan*, 847 F. Supp. 970, 981 n.13 (D. Me. 1994) (citing 14 M.R.S.A. §§ 8105 and 8116). Because Plaintiff has consented to the dismissal of his punitive damage claim against the City, it is fair to assume that Plaintiff is satisfied that the City does not have insurance coverage for punitive damages.