IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

MICHAEL MCCUE, personal representative )
of the estate of Phillip McCue, Deceased )
)
      Plaintiff )   Civil Action
)   Case No. 1:14-cv-00098-GZS
V. )
)
CITY OF BANGOR, MAINE *et als.* )
)
      Defendants )

## PLAINTIFF'S OPPOSITION TO
## THE BANGOR DEFENDANTS'
## AMENDED MOTION TO DISMISS
## [DOCKET NO. 30]

Plaintiff Michael McCue, Personal Representative of the Estate of Phillip McCue, Deceased, by and through his undersigned attorneys, hereby opposes the Amended Joint Motion to Dismiss of the Bangor Defendants, dated June 27, 2014 [docket no. 30].[1]

The Bangor Defendants' Motion to Dismiss asserts that Plaintiff (and his undersigned counsel) wrongfully made statements to the press, at various times prior to and during the initial stages of this litigation and, specifically, following the Court's status conference/hearing on pending motions on June 24, 2014 which statements have allegedly prejudiced the Bangor Defendants.

---

[1] Defendants' Amended Motion to Dismiss [Docket no. 30] differs from Defendants' initial Motion to Dismiss [Docket no. 29] insofar as it deletes reference to Plaintiff and/or the undersigned making "press release[s]" and rather asserts that Plaintiff and/or the undersigned made "statement[s]" to the press, in response to inquiries from the press.

Insofar as Defendants' motion borders on the frivolous, the Motion to Dismiss should be denied in its entirety.

**1. As a threshold matter, Defendants' motion should be seen for what it is: Nothing other than a thinly-disguised effort at a prior restraint of Plaintiff's exercise of his First Amendment rights.**

The Bangor Defendants apparently seek to discourage Plaintiff (and the undersigned) from responding to press inquiries by threatening sanction, presumably to obtain some manner of formal (or informal) "gag order" and thereby stifle public debate into the myriad legitimate issues of discourse raised by this case and the unfortunate events of September 12, 2012 – including the propriety of police restraint practices, training and supervision[2] which, Plaintiff asserts, led to the unnecessary and preventable death of Phillip McCue. The Bangor Defendants' effort in this regard is anathema to the First Amendment and high civic-mindedness, and is odious.

Court sanction aimed at preventing or forbidding speech "is a classic example of prior restraints." *Alexander v. United States*, 509 U.S. 544, 550 (1993). *See also*, among many, *Marceaux v. Lafayette City-Parish Consol. Government,* 731 F.3d 488 (5th Cir. 2013); *Levine v. U. S. District Court,* 764 F.3d 590, 595 (9th Cir. 1985) (a prohibition against trial participants from speaking to the media constitutes a prior restraint).

---

[2] Plaintiff believes that the public maintains a legitimate interest in a number of issues emanating from the death of Phillip McCue including, among others, whether the involved Bangor police officers properly conducted themselves on the night of September 12, 2012, whether their training and oversight was proper and sufficient (including their use of restraint, their treatment of an individual exhibiting indications of functional deficits and their use of a taser device), whether police actions or omissions generally caused an unnecessary and preventable death, whether certain pre-detention statements by involved officers indicate some manner of pre-meditated civil rights violation, whether certain post-death statements by involved officers indicate contemporaneous efforts to cover-up police improprieties and whether the post-death investigation into the circumstances of the night of September 12, 2012 was sufficiently thorough or was a white-wash.

The Court should resist any effort at erecting any prior restraint against Plaintiff's exercise of his First Amendment rights, either directly or through counsel.

Prior restraints face a well-established presumption against their constitutionality. *Asociacion v. Garcia,* 490 F.3d 1 (1st Cir. 2007), citing *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70 (1963) ("Any system of prior restraints of expression . . . bear[s] a heavy presumption against its constitutional validity"), *see also Org. for a Better Austin v. Keefe*, 402 U.S. 415, 419 (1971) ("Any prior restraint on expression comes . . . with a 'heavy presumption' against its constitutional validity.").

**2. Neither Defendants' motion, nor the accompanying three exhibits, suggests any manner of inappropriate speech.**

Leaving aside the inappropriateness of any prior restraint against Plaintiff's exercise of his constitutionally-enshrined First Amendment right of free speech, Defendants' motion should be denied because neither Plaintiff nor his counsel have made any improper public statements and Defendants do not and cannot demonstrate any harm from the entirely-proper statements made by Plaintiff and his counsel to date. [Parenthetically, to date, Defendants' counsel has made twice as many quoted press statements on this case than has the undersigned. *See* n. 5 *infra.*]

Defendants object to the following alleged communications by Plaintiff, his wife or the undersigned with the press: (1) Plaintiff providing a copy of his "settlement package" to the press *prior to the filing of suit* (Amended Motion at p. 3), which allegedly led to a March 19, 2014 *Bangor Daily News* article (Exhibit "A"); (2) Plaintiff discussing certain portions of the EMT report with a *Bangor Daily News* reporter approximately one year prior to the filing of

suit, on or about April 22, 2013 (Exhibit "B") and (3) the undersigned responding to a singular unsolicited press inquiry respecting the outcome of a *public* court hearing on, *inter alia,* Defendants' motion to strike certain portions of Plaintiff's original complaint, on June 24, 2014.

A fair reading of the exhibits offers no inaccurate or otherwise inappropriate statement.

Plaintiff's "demand package" consisted of a statement of Plaintiff's contentions of police improprieties on the night of September 12, 2012, a copy of photographs of the Plaintiff in life, a true copy of the enhanced digital video of the Mr. McCue's confrontation with police and parallel transcript, certain materials provided to Plaintiff by Defendants' counsel pursuant to a Freedom of Information Act request and a summary of anticipated expert opinions.

**The newspaper article of March 19, 2014 (Exhibit "A", the first post-suit press discussion of the case) tellingly quoted Defendants' attorney (Frederick Badger) on multiple occasions[3], but did not contain a single quote from the undersigned, who did not make comment on the article.[4]**

The newspaper article of April 22, 2013 (Exhibit "B") preceded the filing of suit by approximately one year.

The answering of an unsolicited press inquiry by the undersigned on June 24, 2014 (Exhibit "C") was entirely accurate and unobjectionable. The quoted remark (Motion at p. 4) – the singular remark attributed to the undersigned contained within the cited Exhibits -- represents a fair layman's expression of the subject matter of Defendants' motion to strike, the

---

[3] At one point in the March 19, 2014 article, Attorney Badger called the decedent "under the influence of bath salts, … out of control and pos[ing] a threat to himself and others" (March 19, 2014 BDN article at p. 2 of 5).

[4] Despite Attorney Badger's subsequent protestations that Plaintiff insists upon commenting publicly on the likely evidence in this case, in the March 19, 2014 article Attorney Badger discusses at length the enhanced digital video, which shall surely be a crucial item of evidence in the case (March 19, 2014 BDN article at 3 of 5).

4

subject of the June 24, 2014 hearing and conference.[5]

No single statement by Plaintiff or counsel, nor all the cited statements together, represents any conceivable prejudice to Defendant – nor certainly any "substantial danger of interference with the administration of justice" (*see* Me. R. Prof. Conduct 3.6).

Dated at Lewiston, Maine this 15th day of July, 2014.

/s/David Van Dyke, Esq.
Hornblower Lynch Rabasco & Van Dyke
261 Ash Street - P.O. Box 116
Lewiston, Maine 04243-0116
Tel. 207-786-6641
dvandyke@HLRVD.com

---

[5] If and to the extent that the Court wishes to engage in a numerosity comparison between the number of statements attributed to Attorney Badger and to the undersigned contained within the referenced Exhibits, the tally would be Badger 2, Van Dyke 1.

# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

I hereby certify that on July 15, 2014, I electronically filed the within

**PLAINTIFF'S OPPOSITION TO
THE BANGOR DEFENDANTS'
AMENDED MOTION TO DISMISS
[DOCKET NO. 30]**

using the DM/ECF system which will send notification of such filing to co-counsel for Plaintiff and counsel for Defendants, and I hereby certify that same shall be timely mailed by United States Postal Service or otherwise served upon Plaintiff.

/s/ David Van Dyke, Esq.
Hornblower Lynch Rabasco& Van Dyke
261 Ash Street - P.O. Box 116
Lewiston, Maine 04243-0116
Tel. 207-786-6641
dvandyke@HLRVD.com