UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| MICHAEL McCUE, | ) | |
| --- | --- | --- |
| Plaintiff | ) | |
| v. | ) | 1:14-cv-00098-GZS |
| CITY OF BANGOR, et als., | ) | |
| Defendants | ) | |

### AMENDED RECOMMENDED DECISION ON DEFENDANTS' AMENDED JOINT MOTION TO DISMSS[1]
### (ECF NO. 30)

This matter is before the Court on Defendants' Amended Joint Motion to Dismiss. (ECF No. 30.) Through their motion, Defendants request that the Court dismiss Plaintiff's complaint as the result of the contribution of Plaintiff or Plaintiff's counsel to certain publicity about the case. Defendants maintain that the Plaintiff or his counsel made comments to and provided information to the press that have jeopardized Plaintiff's right to a trial by jury.[2]

"The theory of our system is that the conclusions to be reached in a case will be induced only by evidence and argument in open court, and not by any outside influence, whether of private talk or public print." *Patterson v. People of State of Colorado ex rel. Attorney Gen. of State of Colorado*, 205 U.S. 454, 462 (1907). Where a party has properly exercised its right to a trial by jury, the party is entitled to a trial by an impartial jury. *See, e.g., Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 570 (1st Cir. 1989) (reviewing denial of motion for mistrial and finding

---

[1] This amendment only corrects typographical errors in the heading.

[2] According the Defendants, Plaintiff provided members of the press with an edited copy of a video of the alleged incident, which video was taken by several police cruiser video cameras, and Plaintiff and his counsel have shared with the press certain evidence in a way that could improperly influence prospective jurors.

no abuse of discretion where trial court "questioned the jurors on several occasions to discover if any of them were aware of or tainted by publicity discussing the trial"); *Bailey v. Sys. Innovation, Inc.*, 852 F.2d 93, 98 (3d Cir. 1988) (collecting cases demonstrating that "fairness in a jury trial, whether criminal or civil in nature, is a vital constitutional right," reviewing court order prohibiting the parties from making extrajudicial statements, and holding that gag order violated the First Amendment as applied to parties). As these and other cases demonstrate, courts have recognized that pretrial publicity, including statements made by parties, have in some circumstances generated challenges to courts' ability to empanel impartial juries. However, dismissal of a civil action on the basis of a party's statements to the media is an extreme remedy.

Because this case is in its initial stages, the impact of the pretrial publicity on the ability of the court and parties to secure an impartial jury is difficult, if not impossible, to discern. Furthermore, if as the case proceeds, the Court determines that the comments of Plaintiff or his counsel present a serious impediment to the Court's ability to empanel an impartial jury, the Court can explore options other than dismissal (e.g., pertinent voir dire, change of venue) as a way to address the issue. *See Schiavone Const. Co. v. Merola*, 678 F. Supp. 64, 66-67 (S.D.N.Y. 1988), *aff'd,* 848 F.2d 43 (2d Cir. 1988) ("The right to a fair trial, in the context of prejudicial pre-trial publicity and the potential tainting of the jury pool, is satisfied where, by means of change of venue, voir dire, lapse of time between the publicity and the trial, and/or other factors, an impartial jury has been selected."). Accordingly, the recommendation is that the Court deny the Amended Joint Motion to Dismiss.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the

district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of July, 2014.