UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MICHAEL McCUE, Individually )
and as Personal Representative )
of the Estate of Phillip McCue, )
 )
 )
          Plaintiff )
 )
v. ) 1:14-cv-00098-GZS
 )
CITY OF BANGOR MAINE, et al., )
 )
          Defendants )

**ORDER ON PLAINTIFF'S AMENDED MOTION
FOR SANCTIONS (ECF NO. 67) AND
PLAINTIFF'S MOTION TO REOPEN DEPOSITIONS (ECF NO. 70)**

This matter is before the Court on Plaintiff's Amended Motion for Sanctions (ECF No. 67), and Plaintiff's Motion to Reopen Depositions/Motion for Sanctions (ECF No. 70). Through his motions, Plaintiff seeks relief related to the depositions of Defendant City of Bangor and three officers of the Bangor Police Department.

As explained below, after consideration of the parties' arguments, the Court denies Plaintiff's Amended Motion for Sanctions (ECF No. 67), but permits Plaintiff to serve upon Defendant City of Bangor additional, limited, interrogatories. The Court also grants in part and denies in part Plaintiff's Motion to Reopen Depositions/Motion for Sanctions (ECF No. 70) with specific conditions.

**Plaintiff's Amended Motion for Sanctions**

Plaintiff maintains that in response to a notice of corporate deposition pursuant to Fed. R. Civ. P. 30(b)(6), Defendant City of Bangor produced a witness (corporate counsel, Norman Heitmann) who had little or no knowledge about the designated areas of inquiry. Defendants

contend that particularly given Defendants' objections to the notice of deposition, which objections Defendants properly served upon Plaintiff, Mr. Heitmann was an appropriate designee. Plaintiff did not challenge the objections prior to the deposition.

While Mr. Heitmann plainly could not testify as to many of the designated areas of inquiry, Mr. Heitmann arguably was capable of testifying regarding the topics as redefined by Defendants' objections. Because Plaintiff did not challenge Defendants' objections before the deposition, therefore, sanctions are not appropriate.

The broad nature of some of the designated areas of inquiry justified at least some of Defendants' objections. Nevertheless, Plaintiff identified an area of inquiry on which Mr. Heitmann could not testify, and for which Defendant City of Bangor should have produced a competent witness, i.e., the training that Defendant City of Bangor, through its emergency services departments, provided to those individuals involved in the incidents about which Plaintiff complains. Defendants' contention that its objection was appropriate because Plaintiff has received training information from other sources is unpersuasive. The fact that Plaintiff might have obtained from other sources evidence of the training that the individuals received does not obviate the need for Defendant City of Bangor, a party to this action, to describe the training that it provided. The Court, therefore, will permit Plaintiff to inquire, by interrogatory as described further below, of Defendant City of Bangor regarding the training.

**Plaintiff's Motion to Reopen Depositions/Motion for Sanctions**

In December 2014, Plaintiff deposed three officers (Joshua Kuhn, David Farrar, and Wade Betters) of the Bangor Police Department. Following the depositions, through their respective errata sheets, the officers made changes to their deposition testimony. While Defendants contend that the corrections were "consistent with, and clarified, what they had previously testified to

during their depositions …", the changes can be fairly characterized as substantive changes. (Defs.' Opposition at 2.)

Fed. R. Civ. P. 30(e)(1)(B) specifically authorizes a deponent to make "changes in form or substance." Although a witness can make substantive changes, as a general rule, the inquiring party should not have to wait until trial to explore the reasons for the changes. A party should have the opportunity to explore the reasons for the changes in order to have sufficient time to investigate the veracity of the explanation before trial. As the First Circuit recognized, "[w]hen witnesses make substantive changes to their deposition testimony, the district court certainly has the discretion to order the depositions reopened so that the revised answers may be followed up on and the reasons for the explanations explored." *Pina v. The Children's Place*, 740 F.3d 785, 792 (1st Cir. 2014).

Here, because the substantive changes could be of some significance in the case, Plaintiff should be permitted to explore the reasons for the changes. The changes, however, are limited in number and in scope. The depositions will be similarly limited.

Finally, because the witnesses are permitted by law to make substantive changes to their deposition testimony, an award of sanctions is not warranted.

## Conclusion

Based on the foregoing analysis, the Court denies Plaintiff's Amended Motion for Sanctions (ECF No. 67), but authorizes Plaintiff to serve upon Defendant City of Bangor interrogatories, not to exceed five (5) in number including subparts, regarding the training that Defendant City of Bangor provided to the individuals involved in the incident about which Plaintiff complains. The Court also grants in part and denies in part Plaintiff's Motion to Reopen Depositions/Plaintiff's Motion for Sanctions (ECF No. 70). Plaintiff may reconvene the

depositions of Officers Kuhn, Farrar, and Betters for the limited purpose of exploring the reasons for the witnesses' changes to their deposition testimony, which changes are reflected on their respective errata sheets. Each deposition shall not exceed one-half hour. The Court denies Plaintiff's Motion for Sanctions.

CERTIFICATE

This report fairly reflects the actions taken at the hearing and shall be filed forthwith. Any objections to this report shall be filed in accordance with Fed. R. Civ. P. 72.

*So Ordered.*

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of February, 2015.