# EXHIBIT 12
# (AFFIDAVIT OF THOMAS AVENI, MAY 7, 2015)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL MCCUE, individually and as Personal representative of the estate of Phillip McCue, Deceased<br><br>　　　　Plaintiff<br><br>V.<br><br>CITY OF BANGOR, MAINE *et als.*<br><br>　　　　Defendants | Civil Action<br>Case No. 1:14-cv-00098-GZS |

## AFFIDAVIT OF THOMAS J. AVENI MSFP

Thomas J. Aveni, being duly sworn, deposes and states as follows:

1. I am Thomas J. Aveni, an individual and a resident of Spofford, New Hampshire. For the past thirty five (35) years, I have been employed as a full or part-time law enforcement officer or as a police trainer. I have been certified as a police officer in three states and have trained over 15,000 police, security and military personnel in case law, use-of-force techniques and procedures, as well as general instructor-development curriculum. I remain active in police training, including through the Police Policy Studies Council, of which I have served as Executive Director, and lecture nationally on, among other subjects,

the PPSC "Use of Force Management" program. I have published extensively in the areas of police use of deadly force and appropriate police training.

2. It is virtually universally understood and acknowledged among police departments and training professionals that the placing of weight or downward pressure for a prolonged period of time upon the back or shoulders of a prone individual being restrained creates a risk of death from compression asphyxia or cardiac events arising from such conditions.

3. It is also virtually universally understood and acknowledged among police departments and training professionals that such placing of weight or downward pressure for a prolonged period of time upon the back or shoulders of a prone individual being restrained creates a *heightened* risk of death from compression asphyxia or cardiac events arising from such conditions *when such individual is suffering from excited delirium or evidencing agitation or a presentation consistent with excited delirium.*

4. Moreover, it is virtually universally understood and acknowledged among police departments and training professionals that the subjecting of an individual under restraint to a risk of death from compression asphyxia or cardiac events arising from such conditions through the placing of weight or downward pressure on such individual's back or shoulders while prone represents a constitutional violation.

5. Moreover, it is virtually universally understood and acknowledged among police departments and training professionals that given the risk of death from compression asphyxia or cardiac events arising from such conditions, officers placing weight or downward pressure upon the back or shoulders of a prone person under restraint must constantly monitor the individual's physical circumstances, particularly whether or not he/she is responsive. This is a closer, even more constant monitoring than the monitoring which is required of any restrained individual.

6. I have reviewed the Car 22 videotape of the incident in this case and believe that the period of time depicted during which Mr. McCue was subjected to weight or downward pressure upon his back and shoulders, while prone, constitutes such a "prolonged period" and, accordingly, a constitutional violation.

7. The statement contained in Paragraph 6, above, is especially true given that Mr. McCue repeatedly articulated that his "heart [hurt]" more than 2 minutes prior to his becoming unresponsive.

8. I believe based upon my review of the said videotape, that at all times relevant Mr. McCue was suffering from excited delirium or evidencing a presentation consistent with excited delirium.

9. The facts detailed in Paragraphs 2, 3, 4 and 5, above, are so well settled, universally understood and acknowledged, and widespread that the Bangor

Police Department can certainly be said to have had actual or constructive knowledge of those facts prior to September, 2012. The foregoing facts are deemed to be "generally accepted professional practices".

10. In light of the foregoing, the Bangor Police Department's failure to train with respect to the foregoing as of the date of this incident represents a deliberate indifference to the health and safety of its inhabitants.

Sworn to on the pains and penalties of perjury this 7th of May, 2015.

_____
Thomas J. Aveni

STATE OF NEW HAMPSHIRE
Chesterfield, SS. Cheshire    May 7th, 2015

Personally appeared the above-named Thomas J. Aveni, to me personally known, and made oath that the statements by his in the foregoing Affidavit are true and correct to the best of his knowledge and belief.

Before me,

_____
Notary Public

4