# EXHIBIT 13
# (AFFIDAVIT OF DAVID HILE, M.D., MAY 11, 2015)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

MICHAEL MCCUE, individually and as )
Personal representative of the estate of )
Phillip McCue, Deceased )
                                                )
            Plaintiff )   Civil Action
                                                )   Case No. 1:14-cv-00098-GZS
V. )
                                                )
CITY OF BANGOR, MAINE *et als.* )
                                                )
            Defendants )

## AFFIDAVIT OF DAVID HILE M.D.

David Hile M.D., being duly sworn, deposes and states as follows:

1. I am David Hile, an individual and a medical doctor resident of Weston, Connecticut. I am a licensed emergency physician, board certified in emergency medicine since 2006, who works clinically in a level 1 trauma center in New Haven, Connecticut. As an attending emergency physician at the Yale-New Haven Hospital, I care for all manners of medical and traumatic emergencies and provide direct, on-line medical control to pre-hospital medical personnel. As associate residency director, I am also responsible for the medical training of Yale's emergency medical residents. I have served on the teaching faculty and as interim EMS Director of the Carl R. Darnell Army Hospital at Ft. Hood, Texas and have taught paramedic education at the

    Madigan Army Medical Center in Tacoma, Washington. I have published in the medical literature, including on the topics of pre-hospital care and wilderness medicine.

2. I have reviewed, among other materials, the following: Car 22 video (both forensically enhanced and original versions); Bangor Police Department criminal activity reports dated September 12, 2012 case number 12-067423 authored by Officers Betters, Blanchard, Donnell, Farrar and Kuhn; Mark Flomenbaum M.D., Ph. D. correspondence dated August 21, 2013; Brian McMaster correspondence dated April 30, 2013; Maine Medical Examiner's Autopsy and NMS Labs toxicology reports; medical reports (Bangor Fire Department, EMMC [5 parts], Affiliated Labs, EMMC emergency room) and prior medical reports (Acadia, EMMC emergency room [dos September 9, 2012], Dorothea Dix Psychiatric Center) relating to Mr. McCue.

3. My review of the Car 22 video, and balance of materials reviewed, establishes the following:

   a. Between 00:16 and approximately 1:34 of the Car 22 video (original version) (00:16 being the moment when Car 22 arrives at the scene of the subject confrontation between Mr. McCue and the officers), Mr. McCue is held down pronate, with weight upon his back and shoulders and his face pushed down into the asphalt of the roadway (*see* 00:32, 00:35, 00:55, 1:07, 1:26), repeatedly punched (*see* 1:12, 1:30) and placed into a 5-point "hog tie" restraint (upper and lower extremities each restrained, the two restraints tied to each other).

b. At approximately 1:34 (original Car 22 video), Mr. McCue makes his last utterance and is thereafter obviously non-responsive.

    c. At approximately 1:46 (original Car 22 video), Mr. McCue is picked up off the ground non-responsive.

    d. Mr. McCue is carried off-camera, where he appears placed still in a five-point restraint.

    e. Commencing at approximately 2:03, emergency medical personnel begin walking in the direction of Mr. McCue to attend to him.

    f. There was a 4 minute and 25 second time elapse between the onset of Mr. McCue's arrest and the commencement of CPR.

4. Mr. McCue's cardiopulmonary arrest was, more likely than not, a result of prolonged prone restraint under the weight of multiple officers, in the face of a hypermetabolic state of excited delirium. Mr. McCue's inability to hyperventilate and compensate for metabolic acidosis in his state of excited delirium led to his cardiopulmonary arrest.

5. Being non-responsive represents a "serious" medical condition that requires immediate medical assistance/intervention. Once a person is non-responsive, every second counts towards saving his/her life/preserving intact brain function.

6. There was a significant and inexcusable delay between the onset of Mr. McCue being non-responsive and the commencement of CPR. This delay is more likely than not the result both of the officers' failure to properly maintain vigilant monitoring of Mr. McCue's condition while they were upon him and the fact that he remained in hog-tie restrain even after being picked up off the ground non-responsive.

3

7. It is more likely than not that the delay in identification of Mr. McCue's cardiopulmonary arrest contributed to his eventual death. Mr. McCue's likelihood for neurologically intact survival would have benefitted from immediate identification of his loss of responsiveness and immediate CPR once lack of pulses or respiratory efforts were identified. Continued prone restraint via "hog-tying" even after pulselessness was identified delayed initiation of CPR.

8. Mr. McCue's initial survival likelihood would likely have been as high as 50% had his non-responsiveness been identified immediately. Due to the delays occasioned by Mr. McCue's medical needs not being timely monitored, assessed and responded to, his survival likelihood fell to 15% by the time CPR was administered.

Sworn to on the pains and penalties of perjury this 11th of May, 2015.

_____
David Hile M.D.


STATE OF CONNECTICUT
County of Fairfield, SS.   Wilton          May 11, 2015

Personally appeared the above-named David Hile M.D., to me personally known, and made oath that the statements by his in the foregoing Affidavit are true and correct to the best of his knowledge and belief.

Before me,

_____
Notary Public
ENRICO G. FRISONE

MY COMMISSION EXPIRES JUNE 30, 201'

4

ENRICO G. FRISONE
NOTARY PUBLIC
State of Connecticut
My Commission Expires
June 30, 2015